IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BILLY JOE HENSON,
ADC #77911                                                                                              PLAINTIFF

v.                                          5:08CV00048WRW/HLJ

RANDALL MANUS, et al.                                                                         DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on the defendants' motion for summary judgment (DE #32). Plaintiff has filed a response in opposition to the motion (DE #39).

Plaintiff is a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging retaliation and denial of due process with respect to his convictions on two disciplinary charges. Plaintiff asks for damages from defendants.

According to the mostly undisputed facts presented by the parties, the first disciplinary violation against plaintiff was written by defendant Manus on December 12, 2007, accusing plaintiff of deliberately giving misinformation or falsely giving or accusing another in the course of an investigation. This charge was based on a grievance filed by plaintiff on October 15, 2007, and a written statement made on October 17, 2007, accusing an Officer Burton of improper conduct. However, on November

15, 2007, plaintiff then submitted an affidavit in which he recanted his allegations against Burton. Based on that admission, defendant Manus filed the disciplinary charge against plaintiff. Plaintiff claims, however, that Manus filed the charge against him in retaliation for plaintiff dropping the allegations against Burton and refusing to cooperate in an investigation of Burton. Plaintiff's hearing was conducted by defendant Minor on December 14, 2007, and he was found guilty and sentenced to thirty days in punitive isolation, plus sixty days without commissary, phone, visitation or recreation privileges. Plaintiff alleges defendant Minor refused to allow him to present witness statements in his favor.

The second disciplinary charge was filed against plaintiff by defendant Duvall on January 9, 2008, charging plaintiff with violating a verbal order. Plaintiff alleges defendant filed this in retaliation for the filing of a grievance against him. Defendant Taylor conducted the hearing on January 11, 2008, and plaintiff alleges she was biased in favor of Duvall because she was Duvall's superior.

## II.  Summary Judgment Motion

A. Defendants' Motion

With respect to plaintiff's allegations of retaliatory disciplinaries against defendants Manus and Duvall, defendants state that plaintiff's claim should be dismissed because the convictions were based on the actual violations of prison rules and because an inmate can not challenge a disciplinary conviction which was supported by "some evidence." Defendants present the affidavit of defendant Manus in which he sets forth the grievance and written statement filed by plaintiff and the latter affidavit recanting the allegations, as the basis for the charges filed against plaintiff. Defendants also state the due process allegations against defendant Minor should be dismissed because plaintiff did not request the statement of witness May until the time of the hearing, and because defendant asked plaintiff to explain the content of the witnesses' expected testimonies during the hearing. In addition, defendants state plaintiff's

conviction and resultant sentence did not pose an atypical or significant hardship to the plaintiff which would constitute a violation of due process. Finally, with respect to his allegations of bias against defendant Taylor, defendants state Taylor was permitted to investigate the charges against plaintiff in order to determine the inmate's defense, and all plaintiff's allegations of bias are unsupported and conclusory.

Defendants also allege plaintiff failed to exhaust his administrative remedies with respect to the first disciplinary conviction, because he did not fully appeal his conviction. In addition, defendants state they are protected from liability by sovereign and qualified immunity.

B. Plaintiff' Response

In response, plaintiff states he agreed to drop his allegations against Officer Burton at the behest of a third party, and that defendant Manus filed the disciplinary against him because plaintiff failed to pursue his allegations against Burton. In addition, plaintiff alleges defendant Minor was biased against him because he previously filed a grievance against her. Plaintiff also states defendants Duvall and Taylor retaliated against him and were biased against him.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the

pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D. Analysis

    1) December 12, 2007 Disciplinary

While the parties dispute the facts surrounding the incident in question, there is no dispute of fact that plaintiff filed a grievance against Officer Burton, made allegations against Officer Burton in a written statement, and then submitted an affidavit recanting his allegations against him. Although plaintiff alleges defendant Manus filed the disciplinary against him in retaliation for dropping the allegations against Burton, plaintiff can not state a claim for retaliation if the disciplinary conviction itself was based on the violation of a prison rule and where the conviction is supported by "some evidence." See Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998), and Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994). In Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), the Court held that "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." In addition, in Henderson, supra, the Court held that the statement by the charging officer constituted some evidence to support the conviction, thus "checkmat[ing] his retaliation claim." 29 F.3d at 469.

In this particular case, plaintiff also admitted in his deposition that the original allegations made against Officer Burton were false. DE #33, Ex. 7. In the December 14, 2007 hearing, defendant Minor

relied on the statements by plaintiff and his subsequent affidavit, together with the charging officer's statements, to support the conviction against plaintiff. Therefore, there was some evidence to support the plaintiff's conviction.

With respect to plaintiff's due process allegations against defendant Minor, there does appear to be a dispute of fact whether plaintiff previously requested the presence of a witness from a non-party. However, there is no dispute that plaintiff did not request the written statement of witness Lay until he was in his hearing, and at that time defendant Minor asked plaintiff to summarize the potential witness's statement. Furthermore, plaintiff does not claim that his subsequent conviction affected the duration of his incarceration, that he lost good time, or that his parole eligibility date was changed. Plaintiff also does not allege he was subjected to atypical and significant hardship as a result of his thirty-day sentence in punitive isolation, or his sixty-day restrictions of commissary, recreation, telephone, and visitation restrictions. In Sandin v. Connor, 515 U.S. 472 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'"

Furthermore, the restrictions to plaintiff's commissary, telephone, visitation and recreation privileges do not support a finding of an atypical and significant deprivation. In Madison v. Parker, 104

F.3d 765, 768 (7th Cir. 1997), a thirty-day denial of commissary did not create a liberty interest.  In addition, in this case, the defendants note, and plaintiff does not dispute, that plaintiff was permitted commissary privileges during his 48 hour relief period.  In addition, the loss of telephone privileges for ninety days was not considered an atypical and significant hardship in Lekas v. Briley, 405 F.3d 602, 605 (7th Cir. 2005).  Inmates also do not have a liberty interest in visitation, Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460-61 (1989), and plaintiff was permitted two hours of visitation every calendar month.  Finally, plaintiff was permitted outdoor exercise five days per week, and the Court in Thomas v. Ramos, 130 F.3d 754, 762 (7th Cir. 1997), held that the loss of outside exercise privileges for two months was not atypical and significant.  Therefore, the Court finds no due process violation with respect to plaintiff's first disciplinary conviction.

    2) January 19, 2008 Disciplinary

Again, defendants provide sufficient proof of "some evidence" to support plaintiff's conviction. Defendant Taylor relied on the charging officer's statement, which is considered some evidence to support the conviction. See Henderson, supra, 29 F.3d at 469. Furthermore, defendant Taylor also asked for testimony from Officer Stephenson, an eyewitness, who verified the accusations against plaintiff. Therefore, the plaintiff's allegation of retaliation with respect to this disciplinary, should also be dismissed.

Similarly, plaintiff's allegation of bias against defendant Taylor should be dismissed.  Plaintiff does not allege any specific actions by defendant Taylor to support his conclusory allegations, other than that she was defendant Duvall's supervisor, and that she considered the testimony of Officer Stephenson, an eyewitness.  Therefore, plaintiff provides no support for this claim against defendant.

In conclusion, the Court finds no material dispute of fact and that defendants are entitled to

judgment as a matter of law on plaintiff's claims against them.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motion for summary judgment (DE #32) is hereby GRANTED and plaintiff's complaint against defendants is dismissed with prejudice.

IT IS SO ORDERED this 18th day of February, 2009.

_____
United States Magistrate Judge